**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| EDWARD C. HUGLER[1], <br> ACTING SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> <br> Plaintiff, <br> <br> v. <br> <br> DOMINION GRANITE AND MARBLE, LLC, <br> and RAUL CHAO and CHRISTIAN SOUTHWELL <br> BERARD Individually and as Owners of <br> DOMINION GRANITE AND MARBLE LLC, <br> <br> Defendants. | Civil Action No. 1:17-cv-229 (JCC/IDD) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for an injunction against Defendants Dominion Granite and Marble LLC., Raul Chao and Christian Southwell Berard, individually and as Owners of Dominion Granite and Marble LLC, (collectively, "Defendants") to correct past violations of the Act and to require future compliance.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

---

[1] Edward C. Hugler has been designated the Acting Secretary of Labor and, as such, is substituted for the Former Secretary Thomas E. Perez, pursuant to Federal Rule of Civil Procedure 25(d).

This action also seeks declaratory relief pursuant to Federal Rules of Civil Procedure, Rules 57 and 65, and pursuant to the general, legal and equitable powers of this Court.

II.

Defendant Dominion Granite and Marble LLC ("Dominion Granite" or "the Company"), is and, at all times hereinafter referenced, was registered as a corporation in Virginia since 2012. Mr. Raul Chao is a 92% owner of the Company. Mr. Christian Southwell Berard is the Operations Manager and own 5% of the Company. Dominion Granite has its principal office at 44645 Guilford Drive, Suite 207, Ashburn, Virginia, which is within the jurisdiction and venue of this Court.

III.

Defendant Raul Chao is and, at all times hereinafter referenced was an owner of Dominion Granite and resides at 616 Evergreen Avenue, Charlottesville, Virginia, 22902, which is within the jurisdiction of this Court. Defendant Chao supervises and directs the work of all the employees of the Company and is involved in the hiring, firing, and scheduling of employees. Defendant Chao was directly involved in the policies and decisions regarding the terms, conditions, and manner of payment and compensation of the current and past employees of the Company. Defendant Chao has acted directly or indirectly in the interest of Dominion Granite in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

Based upon information and belief, Defendant Christian Southwell Berard is and, at all times hereinafter referenced, was Operations Manager and an owner of Dominion Granite and

works and resides within the jurisdiction of this Court. Defendant Berard was involved in the supervision of employees as well as hiring and firing of employees of the Company. Defendant Berard was directly involved in the policies and decisions regarding the terms, conditions, and manner of payment and compensation of the current and past employees of the Company. Defendant Berard has acted directly or indirectly in the interest of Dominion Granite in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

V.

At all times hereinafter mentioned, Defendant Dominion Granite has been an enterprise within the meaning of Section 3(r) of the Act, in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities were constituted (and/or were related to) the running of the business that installs marble and granite, in furtherance of the business purposes of Defendant's unified business entity.

At all times hereinafter mentioned, Defendant Dominion Granite has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. Defendant's employees engaged in commerce or in the production of goods for commerce, including industrial and office supplies from Indiana and Georgia.

VI.

Beginning in 2016, the United States Department of Labor, through its Wage and Hour Division, conducted an investigation of the Company. The Wage and Hour Division found that between April 2013 and April 2016 (hereinafter referred to as the "period of investigation"), Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times their regular rate. The employees affected by the overtime violations asserted in this paragraph are certain present and former employees who regularly worked over 40 hours in a workweek during the investigative period. Defendants compensated certain employees on an hourly basis and paid other non-exempt employees a straight salary. The employees compensated on an hourly basis regularly worked in excess of 40 hours a week but were only paid "straight time" for the hours worked in excess of 40 in a week and did not receive additional half-time pay for overtime hours. The employees who were paid a straight salary regularly worked in excess of 40 hours a week but were paid no additional overtime compensation for their overtime hours. As such, the method in which the employees were paid was insufficient to compensate them at the overtime rate mandated by Section 7 of the Act.

VII.

By their actions and omissions described in the preceding paragraph, Defendants willfully violated sections 7 and 15(a)(2) of the Act. By April 2013, Defendants were aware of and understood that they were required to pay employees at a rate of not less than one and one-

half times their regular rate for hours worked over 40 in a workweek but failed to do so. During the United States Department of Labor's investigation of Defendants, Defendant Chao confirmed that he understood that all hourly employees must be paid one and one-half times their hourly rate for hours worked in excess of 40 in a week.

VIII.

During the period of investigation, Defendants repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of hours worked for certain employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that daily and weekly hours worked by non-exempt employees who were paid on a daily salary basis were not maintained.

IX.

As a result of the investigation into the violations alleged in paragraphs VI through VIII above, the investigators from the Department of Labor, Wage and Hour Division, calculated amounts owing for certain present and former employees, and such amounts were paid by the Defendants to the current and past employees.

X.

During the period of investigation, Defendants repeatedly and/or willfully violated provisions of the Act as alleged in paragraphs VI through VIII above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

WHEREFORE, with cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from prospectively violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

2. Pursuant to Section 17 of the Act an order enjoining and restraining the Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with the Defendants, from withholding payment of unpaid back wages found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621 from the date said unpaid amounts became due until the date of judgment.

3. For an Order granting any further relief as may be necessary and appropriate as a result of the violations alleged in paragraphs VI through VIII.

Mailing Address:

Douglas N. White
Associate Regional Solicitor
U.S. Department of Labor
201 12th Street South
Suite 500
Arlington, VA 22202
(202) 693-9393
Fax: (202) 693-9392

Respectfully submitted,

Nicholas C. Geale
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Samantha Thomas
Regional Counsel

/s/ Ali A. Beydoun_____
Ali A. Beydoun (VSB #78150)
Office of the Solicitor

6

201 12th Street South
Arlington, VA  22202-5450
Telephone No. (202) 693-9370
Facsimile No.  (202) 693-9392
Beydoun.Ali@dol.gov

Date: February 28, 2017

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff