```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


EDWARD C. HUGLER, Acting        )
Secretary of Labor, United      )
States Department of Labor,     )
                                )
     Plaintiff,                 )
                                )
        v.                      )    1:17cv229 (JCC/IDD)
                                )
DOMINION GRANITE & MARBLE,      )
LLC, et al.,                    )
                                )
     Defendants.                )
```

**<u>M E M O R A N D U M   O P I N I O N</u>**

Plaintiff Edward C. Hugler, Acting Secretary of Labor, brings this action against Defendants Dominion Granite and Marble, LLC, Raul Chao, and Christian Southwell Berard under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). The case is before the Court now on Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. 5]. Defendants argue that Plaintiff's Complaint does not sufficiently demonstrate that injunctive relief is warranted or that Defendants Chao and Berard are "employers" within the meaning of the FLSA. For the reasons that follow, the Court will deny Defendants' Motion.

**I. Background**

The following allegations of fact drawn from Plaintiff's Complaint are taken as true for purposes of the

present Motion. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Defendant Dominion Granite and Marble, LLC is a Virginia corporation that, as its name suggests, is in the business of installing granite and marble. Compl. [Dkt. 1] ¶¶ 2, 5. It employs individuals in positions covered by the FLSA. *See id.* ¶ 6. Defendant Chao owns 92% of the company, while Defendant Berard – the company's Operations Manager – owns 5%. *Id.* ¶ 2. Both Chao and Berard have supervisory authority over the company's employees and are "directly involved" in setting the "terms" and "conditions" of employment at the company, including the "manner of payment and compensation." *Id.* ¶¶ 3-4.

In 2016, the Department of Labor launched an investigation into Defendants' labor practices. *Id.* The agency found that, between April 2013 and April 2016, Defendants failed to pay employees overtime wages at rates prescribed by sections 7 and 15(a)(2) of the FLSA. *Id.* Some employees were improperly paid a salary, while others "were paid only 'straight time' for the hours worked in excess of 40 in a week and did not receive additional half-time pay for overtime hours." *Id.* During the period in question, Defendants also failed to maintain adequate timekeeping records for hourly employees as required by sections 11(c) and 15(a)(5) of the FLSA. *Id.* ¶ 8. The agency confirmed

during its investigation that Defendants were aware of their legal obligations under the FLSA, but willfully failed to meet them. *Id.* As a result of the agency's investigation, Defendants ultimately paid their employees the amounts unlawfully withheld. *Id.* ¶ 9.

On February 28, 2017, the Department of Labor filed this action against Defendants seeking injunctive and declaratory relief. Defendants filed their Motion to Dismiss [Dkt. 5] on May 8, 2017. The matter is now fully briefed and ripe for disposition.

## II. Legal Standard

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted). "[T]he court 'need not accept

3

the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006)) (alterations in original).

### III. Analysis

Defendants first contend that Plaintiff has not set forth sufficient factual matter in his Complaint to demonstrate that he is entitled to injunctive relief at this initial stage of the proceedings. This argument is misguided, as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests whether relief *can* be granted, not whether it *should* be granted. *See United States v. Maricopa Cnty., Ariz.*, 915 F. Supp. 2d 1073, 1082 (D. Ariz. 2012) ("A 12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought."); *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 353 (E.D.N.Y. 2007)("[A] motion for failure to state a claim properly addresses the cause of action alleged, not the remedy sought."); *Owens v. Hous. Auth. of City of Stamford*, 394 F. Supp. 1267, 1274 (D. Conn. 1975) ("The propriety of the redress requested must, of course, await more advanced steps in this litigation.").

"[A] request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts." *Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001). Defendants appear to concede that Plaintiff's Complaint includes sufficient factual material to state a claim under the FLSA. Indeed, the Complaint plainly alleges cognizable claims for failure to pay overtime wages and to keep proper time records. Moreover, nothing in the Complaint forecloses the possibility that injunctive relief may be warranted should Plaintiff prevail on his FLSA claims. Defendants do not appear to contend otherwise. Defendants instead argue that Plaintiff has failed to put forth enough factual material to justify awarding relief that Plaintiff has not yet formally requested through, for example, a motion for summary judgment.

It would be inappropriate, at this early stage of the proceedings, for the Court to rule on whether an injunction should issue in this case. *See Chao v. Virginia Dep't of Transp.*, 157 F. Supp. 2d 681, 691 (E.D. Va. 2001), *aff'd in part, rev'd in part*, 291 F.3d 276 (4th Cir. 2002) (finding that "the issuance of a prospective injunction [under the FLSA] depends on findings of fact which cannot be made in deciding" a motion to dismiss); *see also Dwoskin v. Bank of Am., N.A.*, 850

5

F. Supp. 2d 557, 573 (D. Md. 2012) (refusing to dismiss a request for injunctive relief on a Rule 12(b)(6) motion because the court could not "say with legal certainty" that an injunction should not issue). Whether Plaintiff is entitled to an injunction is a matter for the Court to address at a later date, when the record is better developed. To hold otherwise would put the cart before the horse and require the Court to make a fact-bound decision without the benefit of evidence or substantive briefing. *See Chao*, 157 F. Supp. 2d at 690.

Regardless, drawing all reasonable inferences in Plaintiff's favor, *see E.I. du Pont de Nemours & Co.*, 637 F.3d at 440, Plaintiff has plausibly pled that injunctive relief will eventually be warranted in this case. Although Defendants have apparently now made an effort to comply with the FLSA, *see* Compl. [Dkt. 1] ¶ 9, "[c]urrent compliance with the FLSA alone, especially when it results from scrutiny by the federal government, is not sufficient grounds for denying a prospective injunction." *Chao*, 157 F. Supp. 2d at 690. "Where the Secretary has established violations of the Act, the district court should ordinarily grant injunctive relief, even if the employer is in present compliance, unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." *Marshall v. Van Matre*, 634 F.2d 1115, 1118 (8th Cir. 1980). Here, Plaintiff's Complaint alleges

6

that Defendants willfully violated the FLSA over a period of three years by failing both to pay employees overtime wages and to keep adequate time records. *See* Compl. [Dkt. 1] ¶¶ 6-8. Defendants' efforts at compliance came only *after* Defendants were caught violating the FLSA. *See id.* ¶ 9. There is no indication that Defendants have provided any reliable assurances of future compliance. The foregoing is more than sufficient for the Court to draw the reasonable inference that "there exists some cognizable danger of recurrent violation, something more than the mere possibility[.]" *Mitchell v. Hertzke*, 234 F.2d 183, 187 (10th Cir. 1956).[1]

Defendants next argue that Plaintiff's Complaint fails to plead sufficient factual material to establish that the individual defendants, Mr. Chao and Mr. Berard, are "employers" subject to the FLSA. The Court disagrees. Plaintiff has manifestly pled sufficient facts to support such a claim.

The term "employer" in the FLSA is defined broadly to "include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C.

---

[1] In Defendants' Reply Brief [Dkt. 11], Defendants attempt to draw a distinction between the individual defendants and the company itself with respect to the propriety of an injunction. There is, however, no meaningful distinction. The company itself is merely a legal fiction that acts through the individual defendants. And as discussed below, both the company and the individual defendants are "employers" within the meaning of the FLSA.

7

§ 203(d), and is construed liberally by courts. *See, e.g., Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006); *see also McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 240 (4th Cir. 2016) ("In keeping with th[e] [FLSA's] 'remedial and humanitarian' goals, Congress applied the FLSA broadly, as reflected in the Act's definitions of 'employee' ('any individual employed by an employer'), 'employer' ('any person acting directly or indirectly in the interest of an employer in relation to an employee'), and 'employ' ('to suffer or permit to work').") (citations omitted). "'The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications.'" *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam)). Determining whether an individual is an "employer" under the FLSA entails a flexible inquiry, accounting for "the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

Plaintiff alleges that Defendant Chao owns the vast majority of Dominion Granite and Marble, LLC – 92%. Compl. [Dkt. 1] ¶ 2. Defendant Chao allegedly "supervises and directs the work of all of the employees of the company, and is involved in the hiring, firing, and scheduling of employees." *Id.*

Plaintiff further alleges that Defendant Chao is "directly involved in the policies and decisions regarding the terms, manner of payment, and compensation of the current and past employees of the Company." *Id.* Similarly, Defendant Berard allegedly serves as the company's "Operations Manager" and owns 5% of Dominion Marble and Granite, LLC. *Id.* ¶ 2. Defendant Berard is likewise alleged to be "involved in the supervision of employees as well as hiring and firing of employees of the Company." *Id.* ¶ 4. Finally, Plaintiff alleges that Defendant Berard is, like Defendant Chao, responsible for "the policies and decisions regarding the terms, conditions, and manner of payment and compensation of the current and past employees of the Company." *Id.*

In short, Plaintiff alleges that Defendants Chao and Berard are co-owners of the company, supervise its employees, and set pertinent policies regarding compensation. This is more than sufficient to permit a reasonable inference that Defendants Chao and Berard are "employers" within the meaning of the FLSA. *Cf. Dole*, 942 F.2d at 966 (finding that an individual was an employer under the FLSA where that individual was "the chief corporate officer, had a significant ownership interest in the corporation, and had control over significant aspects of the corporation's day-to-day functions, including determining employee salaries"); *see also Baystate Alternative Staffing,*

9

*Inc. v. Herman*, 163 F.3d 668, 681 n.13 (1st Cir. 1998) (listing cases under which various courts have deemed individuals to be FLSA "employers" under similar circumstances). That Plaintiff has pled sufficient factual material in his Complaint does not, of course, preclude Defendants from raising the issue of whether Mr. Chao and Mr. Berard and properly considered "employers" under the FLSA on a more developed record.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. 5]. An appropriate order will issue.

|  |  |
|---|---|
| June 21, 2017<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |